UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| PATRICK WHITEHEAD | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| AMERICAN CREDIT ACCEPTANCE, | ) | **JURY TRIAL DEMAND** |
| LLC, JOHN DOE, AND N STYLE | ) | |
| TOWING LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NATURE OF ACTION

1.      Plaintiff Patrick Whitehead ("Plaintiff") brings this action against Defendants American Credit Acceptance, LLC ("ACA"), John Doe ("DOE"), and N Style Towing LLC ("NST") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq.*, the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-1, *et seq.* and Article 9 of the Uniform Commercial Code ("UCC"), N.C. Gen. Stat. § 25-9-101 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where all defendants transact business in this district.

1

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. For the purpose of § 1692f(6) of the FDCPA, a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

6. The FDCPA prohibits such persons from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property or the property is exempt from such dispossession. 15 U.S.C. § 1692f(6).

**THE NORTH CAROLINA DEBT COLLECTION ACT**

7. The NCDCA is "patterned after the FDCPA" and prohibits much of the same conduct and is evaluated with a similar goal of consumer protection as the FDCPA. *McWirther v. Telecheck Servs., Inc.*, No. 3:99CV216MU, 1999 WL 33261239, at *3 (W.D.N.C. Dec. 1, 1999).

8. "Unlike the FDCPA, [the NCDCA] does not limit the definition of debt collector only to those collecting debts on behalf of others; any person engaging in debt collection from a consumer falls within the statutory definition." *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000).

9. "The NCDCA prohibits a 'debt collector' from using unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the

2

consumer's debt, deceptive representations, or other unconscionable means to collect a 'debt' from a "consumer." *Ross v. Washington Mut. Bank*, 566 F. Supp. 2d 468, 479 (E.D.N.C. 2008).

**THE NCCAA**

10. The NCCAA regulates the conduct of third-party debt collection agencies by imposing licensing requirements and forbidding collection agencies from engaging in illegal conduct. *See* N.C. Gen. Stat. § 58-70-1, *et seq.*

**THE UNIFORM COMMERCIAL CODE**

11. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12. North Carolina law allows a secured party, after default, to take possession of collateral without judicial process, so long as the secured party proceeds without breach of the peace. N.C. Gen. Stat. § 25-9-609(b)(2); *Giles v. First Virginia Credit Servs., Inc.*, 149 N.C. App. 89, 96, 560 S.E.2d 557, 562 (2002).

13. This is because "the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it." *Rea v. Universal C. I. T. Credit Corp.*, 257 N.C. 639, 642, 127 S.E.2d 225, 227 (1962).

14. The UCC gives consumers an absolute right to object to a self-help repossession. "As numerous state court cases and secondary authorities have recognized, an objection, particularly when it is accompanied by physical obstruction, is the debtor's most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace requiring the creditor to abandon his efforts to repossess." *Hensley v. Gassman*, 693 F.3d 681, 689-90 (6th Cir. 2012).

3

15. Under North Carolina law, "[o]f course, if there is confrontation at the time of the attempted repossession, the secured party must cease the attempted repossession and proceed by court action in order to avoid a 'breach of the peace.'" *Giles*, 560 S.E.2d at 563 (quoting *Everett v. U.S. Life Credit Corp.*, 327 S.E.2d 269, 270 (N.C. 1985)); *see also Pruitt v. Pernell*, 360 F. Supp. 2d 738, 747 (E.D.N.C. 2005) ("It is well settled that if there is a confrontation at the time of a repossession, the secured party must cease the repossession and proceed by court action in order to avoid a 'breach of the peace.'").[1]

### PARTIES

16. Plaintiff is a natural person who at all relevant times resided in this district.

17. Plaintiff is alleged to owe a debt to ACA.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

20. ACA is a South Carolina limited liability company that regularly finances the sale of automobiles to consumers.

21. At all relevant times, ACA was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

---

[1] To be clear, consumers have many good reasons to protest a repossession. First, it allows them to pursue a workout agreement with their creditor. Second if the creditor is unwilling to allow a workout agreement, protesting a repossession allows consumers to arrange a voluntary repossession, which: (1) saves the consumer money because voluntary repossessions generally cost less than involuntary repossessions; (2) saves the consumer the time, expense, and disutility of a non-consensual repossession, which generally happens suddenly and can leave the consumer stranded, (3) prevents damage to the collateral that can occur during a non-consensual repossession; (4) it allows consumers to empty the vehicle of personal effects so that they are not stolen, thrown away, or withheld pending payment of a storage fee, and (5) eliminates any risk of violence or interaction with a repossession agent.

4

22. ACA is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

23. Plaintiff is ignorant of the true name and/or capacity, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendant sued herein as DOE, and therefore sues such defendant by such fictitious name until such time as its true name and/or capacity is ascertained.

24. DOE is a repossession forwarding company.

25. DOE coordinates and facilitates the repossession of vehicles.

26. DOE earns the majority of its earnings from the coordination and facilitation of repossessions.

27. DOE uses the telephone in its business.

28. DOE uses the internet in its business.

29. DOE is an entity that at all relevant times was acting as a repossession agent working at the behest of ACA.

30. At all relevant times, DOE was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

31. DOE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. DOE is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

33. DOE is a "Collection Agency" as defined by N.C. Gen. Stat. § 58-70-15(a).

34. NST is a North Carolina limited liability company that does business in North Carolina.

35. NST is a repossession company.

36. The principal purpose of NST's business is the repossession of vehicles.

37. NST uses the telephone in operating its business.

38. NST uses the internet in operating its business.

39. NST uses roads in operating its business.

40. NST uses highways in operating its business.

41. At all relevant times, NST was acting as a repossession agent working at the behest of ACA and DOE.

42. At all relevant times, NST was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

43. NST is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-15(a).

44. NST is a "debt collector" for purposes of 15 U.S.C. § 1692a(6).

45. NST is a "debt collector" for purposes of 15 U.S.C. § 1692f(6)

**FACTUAL ALLEGATIONS**

46. On or about April 2, 2024, Plaintiff purchased a 2016 Jeep Wrangler (the "Vehicle") from a non-party.

47. Plaintiff purchased the Vehicle for his own personal, family, and household purposes.

48. The Vehicle is "consumer goods" as defined by N.C. Gen. Stat. § 25-9-102(a)(23).

49. In connection with the purchase, Plaintiff executed a retail installment sales contract ("RISC") which was assigned to ACA.

50. In connection with the purchase and RISC, ACA was granted a security interest in the Vehicle.

51. The Vehicle is "collateral" as defined by N.C. Gen. Stat. § 25-9-102(a)(12).

6

52. ACA is a "secured party" as defined by N.C. Gen. Stat. § 25-9-102(a)(75).

53. Prior to September 1, 2025, ACA hired DOE to accomplish the repossession of Plaintiff's Vehicle.

54. DOE in turn hired NST to undertake the actual repossession.

55. On or about September 1, 2025, Plaintiff sat in the Vehicle with his wife at a local gas station.

56. At that time, NST located the Vehicle and decided to repossess it.

57. While Plaintiff and his wife occupied the Vehicle, one of NST's employees drove a spotter vehicle into the front of the Vehicle to block it in.

58. At this same time, another of NST's employees drove a tow truck to the rear of the Vehicle and lowered its tow hook to begin repossessing the occupied Vehicle.

59. Plaintiff and his wife protested the repossession.

60. NST disregarded their protests and continued the repossession over their protests.

61. NST then called the police for assistance with the repossession.

62. When officers arrived on the scene, NST solicited and received help from the officers with the repossession.

63. With the officers' assistance, NST completed the repossession over Plaintiff and his wife's protests.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOE AND NST**

64. Plaintiff repeats and re-alleges each factual allegation above.

7

65. North Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." N.C. Gen. Stat. § 25-9609.

66. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

67. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *Everett*, 327 S.E.2d at 270; *Giles*, 560 S.E.2d at 563; *see Marcus v. McCollum*, 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told [repo agent] that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025,

8

1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

68.     Plaintiff and his wife confronted NST's employee and protested the repossession.

69.     Once Plaintiff and his wife protested the repossession, NST lost the right to continue with the repossession.

70.     Nonetheless, NST attempted to continue with its repossession and thereby breached the peace.

71.     A repossession agent's use of force is a breach of the peace. *Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace*); Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App.

1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

72.     By colliding with the Vehicle while Plaintiff and his wife occupied it, NST breached the peace by using force on the body of Plaintiff and his wife.

73.     North Carolina law explicitly outlaws a repossessor from using help from law enforcement officers in a repossession. *See* N.C. Gen. Stat. § 25-9-609 at Comment (3) ("This section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law enforcement officer. A number of cases have held that a repossessing secured party's use of a law enforcement officer without benefit of judicial process constituted a failure to

10

comply with former section 9-503."). Simply put, the second a repossessor calls for assistance from law enforcement, the repossession is illegal under the UCC.

74.     Moreover, the use of police officers in a repossession is a breach of the peace because the involvement of officers is a constructive use of force that chills exercise of consumers' rights to protest a self-help repossession:

> [T]he presence of a law enforcement officer during a self-help repossession renders the repossession unlawful. *See Fleming-Dudley v. Legal Investigations, Inc.,* 2007 U.S. Dist. LEXIS 21653, 2007 WL 952026, *6-7 (N.D. Ill. 2007) (citing *Waisner v. Jones,* 107 N.M. 260, 755 P.2d 598, 602 (N.M. 1988) and *Stone Mach. Co. v. Kessler,* 1 Wash.App. 750, 463 P.2d 651, 655 (Wash. App. Ct. 1970)); *see also In re 53 Foot Trawler Pegasus,* 2008 U.S. Dist. LEXIS 96332, 2008 WL 4938345, *4-7 (M.D. Fla. 2008). That is because the "presence of the official, without more, is sufficient to chill the legitimate exercise of the defaulting party's rights." *Fleming-Dudley,* 2007 U.S. Dist. LEXIS 21653, 2007 WL 952026, *6 (quoting *Waisner,* 755 P.2d at 602); *accord, e.g., In re MacLeod,* 118 B.R. 1, 3 (Bankr. D.N.H. 1990) (any presence of an officer, regardless of the officer's degree of participation  in the actual repossession, "override[s] the debtor's right to object" and, as a result, is a breach of peace). Thus, when a statute requires a self-help repossession to be carried out without a breach of the peace, a creditor cannot use the power of the state to prevent a breach of the peace from occurring, thereby circumventing the statutes' requirement. **If law enforcement is needed, then a breach of the peace has occurred, and the creditor must secure judicial intervention to carry out the repossession.**

*Albertorio-Santiago v. Reliable Fin. Servs.*, 612 F. Supp. 2d 159, 170 (D.P.R. 2009) (emphasis added).

75.     NST breached the peace by using police assistance with its repossession.

76.     A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if

11

it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

77. When NST breached the peace, it lost the right to possession of the Vehicle.

78. Nonetheless, NST attempted to continue with the repossession.

79. NST violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where there was no present right to possession of the property, and where the property was exempt by law from such dispossession or disablement.

80. DOE, as the debt collector that hired NST, is liable for NST's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NST violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that DOE, as the debt collector that hired NST, is liable for NST's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF N.C. GEN. STAT. § 75-51**
**ACA**

81. Plaintiff repeats and re-alleges each factual allegation above.

82. ACA violated N.C. Gen. Stat. § 75-51 by using any unfair threat, coercion, or attempt to coerce, including threatening to, and taking, illegal action to attempt to repossess Plaintiff's vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ACA violated N.C. Gen. Stat. § 75-51;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF N.C. GEN. STAT. § 75-54**
**ACA**

83.     Plaintiff repeats and re-alleges each factual allegation above.

84.     ACA violated N.C. Gen. Stat. § 75-54 by falsely representing that it had the right to continue with its repossession after NST breached the peace.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that ACA violated N.C. Gen. Stat. § 75-54;

b)  Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c)  Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF N.C. GEN. STAT. § 75-55**
**ACA**

85.     Plaintiff repeats and re-alleges each factual allegation above.

86.     ACA violated N.C. Gen. Stat. § 75-55 by using unconscionable means in the course of collecting or attempting to collect an obligation from Plaintiff, including the illegal attempted repossession of his Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that ACA violated N.C. Gen. Stat. § 75-55;

14

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF N.C. GEN. STAT. § 58-70-95**
**DOE AND NST**

87. Plaintiff repeats and re-alleges each factual allegation above.

88. NST violated N.C. Gen. Stat. § 58-70-95(8) by threatening to take, and taking, illegal action to repossess Plaintiff's Vehicle.

89. DOE, as the debt collector that hired NST, is liable for NST's NCCAA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NST violated N.C. Gen. Stat. § 58-70-95(8);

b) Adjudging that DOE, as the debt collector that hired NST, is liable for NST's NCCAA violation;

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

15

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF N.C. GEN. STAT. § 58-70-95(1)**
**DOE AND NST**

90.     Plaintiff repeats and re-alleges each factual allegation above.

91.     NST violated N.C. Gen. Stat. § 58-70-95(1) by using or threatening to use violence or any illegal means to cause harm to the person, reputation, or property of Plaintiff.

92.     DOE, as the debt collector that hired NST, is liable for NST's NCCAA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NST violated N.C. Gen. Stat. § 58-70-95(1);

b) Adjudging that DOE, as the debt collector that hired NST, is liable for NST's NCCAA violation;

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF THE UCC, N.C. GEN. STAT. § 25-9-609**
**ACA**

93.     Plaintiff repeats and re-alleges each factual allegation above.

94.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See Doucette v.*

16

*Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at \*2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *GM v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

95.     Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."  Official Commentary to N.C. Gen. Stat. § 25-9-609 at Comment 3.

96.     ACA's repossession agents, NST, breached the peace by continuing the repossession in the face of Plaintiff's protest, using physical force on the body of Plaintiff and his wife, and enlisting the help of law enforcement officers in the repossession.

97.     ACA violated N.C. Gen. Stat. § 25-9-609(b)(2) when its repossession agents, NST, breached the peace during its repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that ACA violated N.C. Gen. Stat. § 25-9-609(b)(2);

    b)   Awarding Plaintiff damages pursuant to N.C. Gen. Stat. § 25-9-625;

17

c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

d) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

98.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 11, 2026.

Respectfully submitted,

/s/ Chris Brown
Chris Brown (N.C. Bar No. 33365)
Thompson Consumer Law Group, PC
121 Kendlewick Dr.
Cary, NC 27511
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
cbrown@ThompsonConsumerLaw.com

Attorneys for Plaintiff

18